IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PATRICIA McKINNEY (#2013-0930032), )
                                                                  )
                    Plaintiff, )
                                                                 )
          v. )   Case No. 16 C 82
                                                                 )
THOMAS DART, et al., )
                                                                 )
                  Defendants. )

**MEMORANDUM ORDER**

      Patricia McKinney ("McKinney"), a pretrial detainee in the custody of the Cook County Department of Corrections ("Cook County Jail"), has filed a pro se Complaint in which she seeks to invoke 42 U.S.C. § 1983 ("Section 1983").  McKinney charges that her constitutional rights were violated when, after certain personnel at the Cook County Jail had assertedly approved her for a furlough to attend her mother's funeral, that claimed approval was revoked because (1) the crime with which she has been charged is one of first degree murder (on which she is being held without bond) and (2) she is consequently viewed as presenting a flight risk.  McKinney has accompanied her Complaint with another Clerk's-Office-supplied document, an In Forma Pauperis Application ("Application"), and the Application has since been supplemented through the efforts of this District Court's staff attorneys to provide this Court with information as to all transactions in McKinney's trust fund account at the Cook County Jail for the six-month period preceding the filing of the Complaint (in that respect, see 28 U.S.C. § 1915(a)(2)[1]).

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

Although as will be seen McKinney's Complaint and this action must be dismissed at the very outset, our Court of Appeals' jurisprudence holds that if McKinney qualifies for in forma pauperis ("IFP") status as a financial matter, she becomes obligated to pay the $350 filing fee in installments as provided in Section 1915. This Court has therefore made the calculation called for by Section 1915(b)(1) and finds that the average monthly deposits to McKinney's account during the relevant six-month period came to $221.67, 20% of which (<u>id.</u>) is $44.33. Accordingly McKinney is assessed an initial partial filing fee of $44.33, and the Cook County Jail trust fund officer is ordered to collect that amount from McKinney's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department.

After such payment the trust fund officer at the Cook County Jail (or at any other correctional facility where McKinney may hereafter be confined) is authorized to collect monthly payments from her trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify McKinney's name and the 16 C 82 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Cook County Jail trust fund officer.

To turn now to the substance of McKinney's Complaint, she alleges in Complaint ¶ IV's Statement of Claim that her request to attend her mother's funeral had been processed by a Cook

County Jail staff person named Ms. Swanigan.[2] When McKinney told Ms. Swanigan that she had been approved to attend the funeral by a telephone call from a Deputy Sheriff, Ms. Swanigan responded that a request had to be filled out so that she could take it to a higher-up in the chain of command for approval. That process eventuated in a denial because the higher-up decisionmaker viewed McKinney as a flight risk in light of the nature of the criminal charge against her.

This Court's threshold screening called for by Section 1915A(a) has confirmed that McKinney's factual allegations, which are credited as the law requires, have "fail[ed] to state a claim upon which relief may be granted" (Section 1915A(b)(1)). More than two decades ago Thomas v. Farley, 31 F.3d 557, 559 (7th Cir. 1994) reconfirmed earlier case law holding that federal law does not entitle a prisoner "to compassionate leave or for that matter even to have contact with their families in prison." Numerous cases have fine-tuned that general holding by deciding that prisoners have no constitutional right to leave prison to attend a funeral, and those uniform holdings have been even more closely linked to the current case by making the same rulings as to pretrial detainees (see, e.g., Higgenbottom v. Racine County Sheriff Dep't, No. 13 C 1333, 2005 WL 5512952, at *5 (E.D. Wis. Sept. 17); Horton v. Shewmaker, No. 07 C 185, 2007 WL 1521601, at *2 (N.D. Ind. May 23); Cromer v. Adm'r of CCCF, No. 14 C 235, 2014 WL 1669867, at *2 (D. N.J. Apr. 28) and Walters v. Washington County Jail, No. 07 CV 5113, 2007 WL 2710433, at *2 (W.D. Ark. Sept. 13).

Nor is that result altered by the fact that some other jail personnel had assertedly told one of her family members that McKinney could attend the funeral, for that did not create the

---

[2] Although the Complaint's caption also names Cook County Sheriff Thomas Dart and two other Cook County Jail personnel as defendants, no allegations are advanced against them.

constitutional liberty interest that the above-cited cases have found absent in Section 1983. And lastly, McKinney's effort to characterize herself as the victim of discrimination in that respect fails because of her total failure to identify any similarly situated individual who has been treated more favorably.

## **Conclusion**

Both McKinney's Complaint and this action are dismissed pursuant to Section 1915A(b)(1). Because nothing that McKinney could advance would alter that result, the dismissal is with prejudice. If McKinney wishes to appeal this ruling, she must file a notice of appeal with this District Court within 30 days (Fed. R. App. 4(a)(1)), but if she does so that would trigger her obligation to pay appellate filing fees regardless of the outcome of that appeal. If McKinney were to seek leave to proceed IFP on such an appeal, she would have to file an Application to do so in this District Court, and that could create a second installment payment obligation of the type discussed earlier in this memorandum order.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 2, 2016