IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PATRICIA McKINNEY (#2013-0930032),  )
                                                             )
                   Plaintiff,             )
                                                             )
                         v.                     )      Case No. 16 C 82
                                                             )
THOMAS DART, et al.,                  )
                                                             )
                   Defendants.         )

## **MEMORANDUM ORDER**

This Court's February 2, 2016 memorandum order ("Order") engaged in the threshold screening that 28 U.S.C. § 1915A(a)[1] mandates for prisoner-initiated litigation and, after analysis, dismissed both the pro se Complaint and this action filed by Patricia McKinney ("McKinney") because of her "fail[ure] to state a claim upon which relief may be granted" (Section 1915A(b)(1)). But before that resolution of the merits, the Order complied (as Congress has required) with the provisions of Section 1915 applicable to all litigation brought by prisoners who are unable to pay the full filing fee in advance. This followup to the Order is occasioned by this pro se filing by McKinney (copied verbatim), which was received in the Clerk's Office on March 3:

> I will like to know why are you takeing money off my books if my Application was not granted. I will like for you to put my money back on my books. You say once a month but you did it 2 times in one month.

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

What McKinney fails to understand is that nearly two decades ago Congress amended Section 1915, which had previously been applicable generally to what that section labeled as "proceedings in forma pauperis," by creating a special definition of the in forma pauperis ("IFP") concept applicable to prisoners and no other plaintiffs. Under Section 1915(a)(1)(2), any prisoner who seeks IFP status commits himself or herself (<u>Newlin v. Helman</u>, 123 F.3d 429, 432-33 (7th Cir. 1997)[2]) "to pay the full amount of a filing fee" (Section 1915(b)(1)), but to do so on the installment plan based on deposits to the prisoner's trust fund account at the custodial institution.

It was because of that requirement that the Order, based on the average monthly deposits to McKinney's account during the six-month period before she filed suit, assessed an initial partial filing fee of $44.33 and followed that calculation with a statutorily-dictated requirement of further monthly installments equal to 20% of the preceding month's income credited to her account. That is the reason that the trust fund officer at Cook County Jail (where McKinney is in custody) remitted to the Clerk of Court the sum of $44.33 (the amount attributable to the period preceding McKinney's filing of her lawsuit) at the beginning of February 2016 and then another $40 in mid-February (the latter amount being required by Section 1915(b)(2)).

This Court expresses no view as to the wisdom or purpose of the congressional amendment of Section 1915, nor would it be appropriate to do so. Under the separation of powers principle that underpins the United States Constitution, federal courts are obligated to

---

[2] Another aspect of <u>Newlin</u> has since been overruled in <u>Walker v. O'Brien</u>, 216 F.3d 626 (7th Cir. 2003). But as to the principle stated in the text, <u>Newlin</u> remains good law today.

discharge their functions in the manner prescribed by Congress (indeed, the jurisdiction of the federal courts is limited to matters assigned to them by congressional enactment).

_____
Milton I. Shadur
Senior United States District Judge

Date: March 9, 2016